UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MONTANA

| | |
|---|---|
| In re<br><br>**TED WIEST & SONS INC**,<br><br>    Debtor,<br><br>and<br><br>**GARY WIEST and KIM WIEST,**<br><br>    Debtors,<br>and<br><br>**GET 'ER DONE WIEST LLC,**<br><br>    Debtor. | Case No. **10-60096-12**<br><br><br><br><br>Case No. **10-60098-12**<br><br><br><br><br>Case No. **09-62299-12** |

## MEMORANDUM OF DECISION

At Butte in said District this 18th day of February, 2011.

In these consolidated Chapter 12 cases the Trustee James D. Volk filed on January 14, 2011, a Motion (Docket No. 147) to modify the Debtors' confirmed Plan pursuant to 11 U.S.C. § 1229, seeking to require payment to unsecured creditors in all three cases[1]. Debtors filed an objection on the grounds that the confirmed Plan is *res judicata* and binds the Trustee and other parties under § 1227(a), because the Plan's omission of payments to unsecured creditors was set out in the Plan and spreadsheets attached thereto. After review of the Motion, objection, the record and applicable law, and after a hearing, the Trustee's Motion will be denied for the

---

[1] The Plan as confirmed makes payments to creditors who filed unsecured claims in Case No. 10-60096-12, but makes no payment to unsecured creditors in the other two cases.

1

reasons set forth below.

A hearing on the Trustee's Motion was held after due notice at Great Falls on February 11, 2011. The Chapter 12 Trustee James D. Volk appeared represented by attorney Darcy M. Crum ("Crum") of Great Falls, Montana. Debtors were represented by attorney Steven M. Johnson of Great Falls. No testimony or exhibits were offered or admitted into evidence at the hearing. The Court heard argument of counsel.

Counsel agreed that approximately sixteen (16) unsecured creditors which filed Proofs of Claim in Case Nos. 10-60098-12 and/or 09-62299-12, receive no treatment or payments under the Debtors' confirmed Plan. Johnson explained that the four unsecured claims filed in the lead Case No. 10-60096-12 are to receive payments under the confirmed Plan, but the Plan omitted any payment to unsecured creditors listed in the other two Chapter 12 cases because, in the event of liquidation under Chapter 7, those creditors would receive $0 distribution. On behalf of the Trustee, Crum admitted that the spreadsheets attached to confirmed Plan leave out the unsecured creditors Case Nos. 10-60098-12 and 09-62299-12, and she admitted that the Trustee "did not catch" that those unsecured creditors were left out. The Trustee argued that there would be no prejudice to any claimant from modification, that the Trustee is authorized to move for modification, and that the Debtors have enough funds to pay the 16 omitted unsecured creditors and they should be paid because these cases were substantively consolidated for all purposes. Crum and Johnson stated that no unsecured creditors have contacted the Trustee in these cases, or the Debtors, regarding their treatment under the Plan.

This Court has exclusive jurisdiction in this Chapter 12 case under 28 U.S.C. § 1334(a). The Trustee's Motion to modify Debtors' confirmed Plan is a core proceeding under 28 U.S.C. §

2

157(b)(2). This Memorandum includes the Court's findings of fact and conclusions of law.

## FACTS

The Chapter 12 petition *In re Ted Wiest & Sons Inc* was filed on January 22, 2010, as was the petition *In re Gary Wiest and Kim Wiest*. The petition *In re Get 'Er Done Wiest LLC* was filed on November 16, 2009. On February 22, 2010, the Debtors filed a "Motion to Substantively Consolidate Estates" seeking substantive consolidation "to pool the assets of affiliated entities . . . for purposes of satisfying creditors' claims." The motion to consolidate included the usual notice of opportunity to respond and request a hearing, the failure of which shall be deemed an admission that the relief requested should be granted. Debtors served the motion to consolidate on the Trustee and on counsel for several secured creditors[2]. No objection was filed, and the Court entered an Order (Dkt. 21) granting Debtor's motion and substantively consolidating the estates in the 3 cases[3].

Debtors filed their first Chapter 12 Plan on May 6, 2010. After objections were filed by several secured creditors, Debtors filed a consolidated[4] First Amended Chapter 12 Plan (Dkt. 74) on August 3, 2010. Paragraph 2 beginning at page 2 sets forth the treatment of allowed administrative, secured, priority, and unsecured claims. The provision for treatment of unsecured nonpriority claims, which is the subject for the instant Trustee's Motion for modification of the

---

[2]The motion explained that substantive consolidation was sought because the claims of secured creditors were cross collateralized or guaranteed by assets of two or more of the Debtors.

[3]A motion for reconsideration of the Court's Order granting substantive consolidation was filed by Carol Faris and Ted R. Wiest. That motion was denied after a hearing.

[4]The Plan Dkt. 74 is below a caption including all three Debtor entities, Ted Wiest & Sons, Inc., Gary Wiest and Kim Wiest, and Get 'Er Done Wiest, LLC. On page 6 the Plan is signed by Gary Wiest as president of Ted Wiest & Sons Inc.

Debtors' Plan, is paragraph 2(d) at the bottom of page 4 of the Plan which provides:

> (d) From the disposable income after the above payments, dividends to unsecured creditors whose claims are fully proven and allowed as follows:
>
>> Unsecured creditors will be paid through the plan in the amounts and according to the payment scheduled [sic] shown under the attached spreadsheets labeled "Consolidated Cashflow" and "Debt Structure".

The spreadsheets attached to the Plan show cash flow and debt payments for the years 2011 through 2015. "Unsecured Debt" on the second page of the cash flow spreadsheet shows payments in the year 2011 to four (4) unsecured creditors, i.e.: Montana Dept of Revenue ($126), General Distributors ($363), State Board of Hail ($4,029) and CNH Capital ($11), for a total of payments to unsecured claims in the sum of $4,529. Those 4 unsecured creditors and payments thereto are listed again on the second page of the "Consolidated Debt Structure for Wiest" and listed again under "Ted Wiest and Sons . . . Unsecured Creditors and Prorated repayment."

The last three pages of the spreadsheets are liquidation analyses for Gary and Kim Wiest, Get 'Er Done Wiest LLC, and Ted Wiest and Sons, Inc. The liquidation analysis for Gary and Kim Wiest shows negative cash available in the sum of ($136,646). The liquidation analysis for Get 'Er Done Wiest LLC shows negative cash available in the sum of ($230,072). The liquidation analysis on the last page for Ted Wiest and Sons, Inc., shows the only positive cash available in the sum of $576,974. Johnson explained at the hearing that the Plan's payment of the 4 unsecured claims reflected the fact that the liquidation analyses for Get 'Er Done Wiest LLC and Gary and Kim Wiest showed negative available cash after liquidation, so the Plan

omitted any payment to 16 unsecured claims filed in those two cases[5]. The 4 unsecured claims which are paid under the Plan are the unsecured claims filed in Case No. 10-60096-12 (Ted Wiest & Sons, Inc.)[6].

The Plan (Dkt. 74) includes a certificate of service signed by Johnson stating that the Plan was served on parties listed on an attached mailing matrix. The matrix lists most if not all of the unsecured creditors, or their assignees, as having been served with the Plan.

The Court set the hearing on confirmation for August 6, 2010, and the hearing was continued to September 17, 2010. More objections to confirmation were filed, but the Debtors reached agreements resolving each of the outstanding objections. On September 16, 2010, Debtors filed an amended unopposed motion to vacate the confirmation hearing and confirm Debtors' First Amended Plan without hearing. The unopposed motion to vacate the confirmation hearing states at page 2 that the Trustee "consents to this Motion, and supports and consents to confirmation of Debtors' First Amended Chapter 12 Plan dated August 2, 2010, as amended by

---

[5] The claims register in Case No. 09-62299-12 (Get 'Er Done Wiest LLC) shows unsecured Proofs of Claim filed by CNH Capital (2); RDO Equipment; Mountain View Coop; Recovery Management Systems Corporation for GE Money Bank; and Riggs, Abney, Neal, Turpen, Orbison & Lewis, in the total amount of $19,187.41. No objections were filed to those unsecured claims and they were allowed. The claims register in Case No. 10-60098-12 (Gary Wiest and Kim Wiest) shows unsecured Proofs of Claim filed by Worlds Foremost Bank; Central Montana Laboratory; Collection Professionals (2); Pondera Medical Center; RDO Equipment; Great Falls Clinic; Roundup Funding, LLC; HSBC Bank Nevada, N.A.; Recovery Management Systems Corporation for GE Money Bank; and Accounts Management Corporation of Montana, in the total amount of $38,900.39. At the hearing Johnson stated the amount of unsecured claims in 10-60098 was $29,702.88, mostly consisting of credit card debt.

[6] The claims register in Case No. 10-60096-12 (Test Wiest & Sons, Inc.) shows unsecured Proofs of Claim filed by CNH Capital; State Board of Hail Insurance; Internal Revenue Service (combined unsecured and priority claim); General Distributors;, Ted R. Wiest and Carol Faris (both resolved by settlement); and Montana Dept. of Revenue (combined unsecured and priority), in the total amount of $302,622.64.

5

the court-approved stipulations ...." The Court granted the Debtors' unopposed motion to vacate the confirmation hearing, and confirmed the Debtors' First Amended Plan, as further amended by several stipulations, by Order entered on September 16, 2010 (Dkt. 127/128). At the hearing on February 11, 2011, Trustee's counsel Crum stated that the Trustee "did not catch" that the 16 unsecured creditors were left out of the confirmed Plan when he consented to confirmation.

## DISCUSSION

Counsel argued at the February 11, 2011, hearing about whether the Debtors are bound by the language of their motion for substantive consolidation, to treat the unsecured creditors in all three cases as though they were allowed claims in each case. The Trustee contends that all of the unsecured creditors should be treated the same, and moved for modification of the confirmed Plan to pay all of the unsecured creditors. The Debtors contend that it was necessary to substantively consolidate the estates because of the cross collateralization agreements with secured creditors, and to reorganize, but that the scope of substantive consolidation need not mean that all unsecured creditors in all three cases must be paid. Johnson cited 11 U.S.C. § 1222(b)(2) as authority that a "plan may – . . . (2) modify the rights of . . . holders of unsecured claims ...." Additional restrictions to a plan are provided at 11 U.S.C. § 1225(b)(1), but only if the trustee or the holder of an allowed unsecured claim objects. In the instant cases, the Trustee and the holders of the omitted allowed unsecured creditors were served with the Debtors' Plan and spreadsheets, but they did not object. Therefore, it is not necessary for this Court to decide whether the substantive consolidation of these cases required payment of all allowed unsecured claims filed in the three cases, because the issue was not raised at the time of confirmation.

The provisions of a confirmed Chapter 12 Plan bind the parties thereto. *In re Dillon*, 16

6

Mont. B.R. 1, 4-5 (Bankr. D. Mont. 1997), *aff'd,* (D. Mont. March 4, 1998); 11 U.S.C. § 1227(a). Section 1227(a) provides in pertinent part: "[T]he provision of a confirmed plan bind the debtor, each creditor, each equity security holder, and each general partner in the debtor, whether or not the claim of such creditor, such equity security holder, and each general partner in the debtor is provided for by the plan, and whether or not such creditor, such equity security holder, or such general partner in the debtor has objected to, has accepted, or has rejected the plan."

The Debtors argue that the Trustee is bound by the effect of confirmation. The Court notes that the plain language of § 1227(a) does not include the trustee. However, *In re Ogle*, 261 B.R. 22, 26 (Bankr. D. Idaho 2001), Hon. Jim D. Pappas held that the terms of a confirmed Chapter 12 plan bind the trustee as it binds debtors and creditors, citing *Agricredit Acceptance L.L.C. v. U.A.P. Northwest (In re Mickelsen)*, 00.3 I.B.C.R. 147, 148 (Bankr. D. Idaho 2000) (citing *Arkison v. Plata (In re Plata)*, 958 F.2d 918, 921 (9th Cir. 1992)); *see also In re Roesner*, 153 B.R. 328, 336 (Bankr. D. Kan. 1993) ("[T]he universally recognized doctrine of *res judicata* is broad enough to bind the trustee who has agreed to a fee certain *by failing to object to confirmation of the Chapter 12 Plan*.") (Emphasis added).

In *Dillon* this Court quoted from its decision *Colman v. Farm Credit Bank of Spokane (In re Colman)*, 7 Mont. B.R. 404, 416-17, 104 B.R. 338, 343-344 (Bankr. D. Mont. 1989), including the conclusion: "'It is clear, therefore, each party to [a Chapter 12] Plan is bound by its provisions.' *Id.,* Thus, once a court has confirmed a Chapter 12 plan, the parties may not unilaterally depart from its terms to cure missteps they might have made prior to confirmation." *Dillon*, 16 Mont. B.R. at 5 (quoting *Colman*). The Trustee's counsel admitted at the February 11, 2011, hearing that the Trustee did not catch the Plan's omission of the 16 unsecured creditors

from the distribution on the consolidated cash flow spreadsheet. However, that omission is readily discernable from the Plan and attachments. The consolidated cash flow has an underlined heading entitled "Unsecured Debt" which lists only 4 unsecured creditors which receive total unsecured payments in the first year in the total amount of $4,529. By admittedly failing to catch the omission of the other 16 unsecured creditors and object at the time of confirmation, the Trustee is bound by his consent and bound by the terms of the confirmed Plan under § 1227(a).

The Trustee moves for modification based on § 1229(a). Section 1229(a) provides for modification of a plan after confirmation, "(a) at any time after confirmation of the plan but before completion of payments under such plan, the plan may be modified, on request of the debtor, the trustee, or the holder of an allowed unsecured claim, . . . ." The Trustee concedes that no holders of the omitted unsecured claims have contacted him, either before confirmation or since.

The Trustee is authorized to request modification of a confirmed plan pursuant to § 1229(a), but a modification is warranted only when an unanticipated change in circumstances affects implementation of a plan as confirmed. *In re Frank*, 14 Mont. B.R. 201, 206 (Bankr. D. Mont. 1995); *In re Hallenberg*, 9 Mont. B.R. 450, 452-53 (Bankr. D. Mont. 1991). Modification under § 1229 was intended to establish a method whereby "unforeseen difficulties" arising during plan administration could be effectively addressed. *Frank*, 14 Mont. B.R. at 207, quoting *In re Hager Brothers*, 12 Mont. B.R. 106, 110 (D. Mont. 1993). The moving party's burden to show an unanticipated change in circumstances or unforeseen difficulties is a threshold requirement for modification under § 1229(a), which must be established before moving on to the other requirements for modification provided under § 1229(b). This Court's rule for

modification comports with a leading bankruptcy commentator: "At a minimum, the party requesting modification ought to be able to show some change in circumstances from the date of the original confirmation hearing." 8 Alan J. Resnick and Henry J. Sommer, COLLIER ON BANKRUPTCY, ¶1229.01[3] (16th ed. 2010).

The Trustee has failed to satisfy the burden of showing an unanticipated change in circumstances or unforeseen difficulties from the date of the original confirmation hearing. The Trustee offered no evidence at the February 11, 2011, hearing of any change in circumstances or unforeseen difficulties. The omission of the 16 unsecured creditors from the cash flow distribution on the spreadsheet is shown on the spreadsheets in a separate section on "Unsecured Debt." The Trustee knew at the time that these cases were substantively consolidated, and was charged with reviewing the claims. The fact that a total of only four unsecured claims are listed in the spreadsheet for receiving payments, in three consolidated cases, should have been apparent. The Court concludes that the Trustee failed to satisfy his burden under § 1229(a).

## CONCLUSIONS OF LAW

1. This Court has exclusive jurisdiction in this Chapter 12 case under 28 U.S.C. § 1334(a).

2. The Trustee's Motion to modify Debtors' confirmed Plan is a core proceeding under 28 U.S.C. § 157(b)(2).

3. The Trustee failed to satisfy his burden of proof under 11 U.S.C. § 1229(a) of an unanticipated change in circumstances or unforeseen difficulties from the date of the original confirmation hearing.

**IT IS ORDERED** a separate Order shall be entered in conformity with the above

denying the Trustee's Motion (Dkt. 147).

BY THE COURT

/s/ Ralph B. Kirscher
HON. RALPH B. KIRSCHER
U.S. Bankruptcy Judge
United States Bankruptcy Court
District of Montana